IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY SIMS,                          )
                                       )
           Plaintiff,                  )
                                       )
      vs.                              )   Civil Action No. 10-850
                                       )
COMMISSIONER OF SOCIAL SECURITY        )
ADMINISTRATION,                        )
                                       )
           Defendant.                  )

O R D E R

AND NOW, this 23rd day of February, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the

claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff raises various arguments outlining errors allegedly committed by the Administrative Law Judge ("ALJ") in finding that he was not disabled under the Social Security Act. The Court finds no merit in these arguments and, instead, finds that substantial evidence supports the ALJ's determination that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the imposed limitations.

Plaintiff's primary contention is that the ALJ improperly rejected the 2002 opinion of treating physician Dr. Walker and the 2006 opinion of consultative examining physician Dr. Ho in finding that he was not disabled. The Court disagrees. While it is true that the findings and opinions of treating physicians generally are "given great weight," Frankenfield v. Bowen, 861 F.2d 405, 408 (3d Cir. 1988), an ALJ is entitled to reject the medical judgment of a treating physician "on the basis of contrary evidence." Id.; Eyler v. Barnhart, 81 Fed. Appx. 406, 409 (3d Cir. 2003). Indeed, "[a]fter reviewing all of the evidence, the ALJ may discount a physician opinion of disability which is not supported by medical evidence, or may reject a physician's opinion outright if it is contradicted by other medical evidence." Crosson v. Comm'r of Soc. Sec., 94 Fed. Appx. 58, 60 (3d Cir. 2004).

Here, the ALJ rejected Dr. Walker's 2002 opinion that Plaintiff's medical issues "disabled him from working in a full time capacity" on the basis that it was (i) an opinion that was reserved for the Commissioner, (ii) contrary to the evidence of record which revealed a "pervasive course of non-compliance," and (iii) inconsistent with Dr. Walker's own May 2006 opinion, where he opined that Plaintiff was not limited in his abilities to sit, stand, walk, push or pull. (R. 16). The ALJ also found the 2002 opinion to be inconsistent with Dr. Walker's 2006 statement that Plaintiff was "doing well." (Id.). Plaintiff argues that Dr. Walker's 2002 opinion was not a legal determination, but instead, "a medical opinion that [Plaintiff] does not retain the physical capacity to sustain-full time work." Plaintiff's Brief in Support of Summary Judgment (Doc. No. 6-2 at 14-15). Plaintiff attempts to make a distinction without a difference. See Adorno v. Shalala, 40 F.3d 43, 47-48 (3d Cir. 1991) ("[A] statement by a plaintiff's treating physician that []he is 'disabled' or 'unable to work' is not dispositive."). The ALJ chose not to credit this opinion on the additional basis that it was internally inconsistent with Dr. Walker's 2006 finding that Plaintiff was not limited in his ability to sit, stand, walk, push or pull; for all practical purposes, this was an opinion that Plaintiff was *not* precluded from sustaining full-time work. Further, the ALJ explained that Dr. Walker's 2002 opinion of disability was not supported by the other evidence in the record. See Lyons-Timmons v. Barnhart, 147 Fed. Appx. 313, 316 (3d Cir. 2005) ("[T]he ALJ may discount a physician's opinion of

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

                                            s/Alan N. Bloch
                                            United States District Judge

ecf:      Counsel of record

---

disability which is not supported by medical evidence."). The Court finds no error in the ALJ's analysis as he addressed the conflicting evidence and provided specific and legitimate reasons for rejecting it. See Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981). The Court also finds that his reasoning for rejecting the 2002 opinion is well-supported by the record.

    Similarly, the ALJ rejected Dr. Ho's July 2006 opinion that Plaintiff was unable to lift or carry more than 2-10 pounds, stand or walk for more than 2 hours or sit for more than 3-4 hours on the basis that it was "inconsistent with the meager objective evidence of record" and "[Dr. Ho's] own physical examination." (R. 17). The ALJ explained that Dr. Ho had only examined Plaintiff two months after Dr. Walker, completed the same forms he did, but despite a "somewhat unremarkable physical examination," had concluded that Plaintiff suffered from several exertional limitations. (Id. at 15-17). In rejecting Dr. Ho's 2006 assessment, the ALJ recounted the relatively normal test results contained in Dr. Ho's assessment and analyzed it against Dr. Walker's May 16, 2006, assessment which concluded that Plaintiff did not have any of the above-mentioned limitations. In choosing to credit Dr. Walker's opinion over Dr. Ho's, the ALJ reasoned that Dr. Walker's 2006 opinion was more consistent with the evidence of record which did not demonstrate that Plaintiff was so limited. The Court finds that the ALJ properly analyzed the medical evidence and that his reasoning for rejecting Dr. Ho's 2006 opinion has substantial support in the record. See Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993) (an ALJ "may not reject [a physician's findings] unless he first weighs them against other relevant evidence and explains why certain evidence has been accepted and why other evidence has been rejected."). The Court also notes that Dr. Walker had a lengthy treatment relationship with Plaintiff that spanned several years whereas Dr. Ho only examined Plaintiff once. See id. (noting that opinions by treating physicians are "give[n] greater weight" than the "findings of a physician who has examined the claimant only once or not at all").

    Thus, the Court finds that the ALJ properly weighed the medical evidence of record and provided sufficient justification for his rejection of Dr. Walker's 2002 opinion and Dr. Ho's 2006 opinion. His finding of non-disability, therefore, enjoys the support of substantial evidence in the record.